86 F.3d 1155
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Herbert W.G. CLANTON, Plaintiff-Appellant,
v.
MICHIGAN 54B JUDICIAL DISTRICT COURT, Defendant-Appellee.
 No. 95-1867.
 United States Court of Appeals, Sixth Circuit.
 May 21, 1996.
 
 1
 Before: SUHRHEINRICH and SILER, Circuit Judges; CARR, District Judge.*
 
 ORDER
 
 2
 Herbert W.G. Clanton, a pro se Michigan litigant, appeals a district court's grant of summary judgment in favor of the defendant in this civil action filed pursuant to federal question jurisdiction, 28 U.S.C. § 1331. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.R. 34(a).
 
 
 3
 Clanton is a party to a civil lawsuit presently before the defendant Michigan 54B Judicial District Court. He claimed that the defendant violated various statutory and constitutional laws by "withholding" court transcripts of several hearings. The defendant admitted withholding one transcript, but only because Clanton did not pay for the document. The defendant denied that Clanton requested any other transcripts.
 
 
 4
 The defendant filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Clanton filed a motion for summary judgment. The district court treated the defendant's 12(b)(6) motion as a motion for summary judgment and granted the defendant's motion in an opinion filed July 28, 1995. The court also denied Clanton's motion for summary judgment. This appeal followed.
 
 
 5
 Initially, we note that the district court properly treated the 12(b)(6) motion as a motion for summary judgment. When a court considers a motion for dismissal and matters outside the pleadings are presented to and not excluded by the court, the proceeding must be treated as one for summary judgment. United Bhd. of Carpenters and Joiners, Dresden Local No. 267 v. Ohio Carpenters Health and Welfare Fund, 926 F.2d 550, 558 (6th Cir.1991). In this case, the defendant appended to its 12(b)(6) motion to dismiss an affidavit of the Court Recorder for the judge presiding over the 54B Judicial District Court, and the court accepted the document in connection with the defendant's motion.
 
 
 6
 Upon review, we conclude that summary judgment was proper as there is no genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law. City Mgmt. Corp. v. U.S. Chem. Co., 43 F.3d 244, 250 (6th Cir.1994). The defendant provided the affidavit of the Court Recorder who stated that only one of the allegedly "withheld" transcripts was actually asked for but not provided. This transcript was not provided because Clanton never paid for it as required by Michigan law. See Mich.Comp.Laws § 600.8631. On an earlier date, Clanton paid for and received a copy of this one transcript, and now appears to want a second copy free. Indeed, there is no federal statute at issue here, and the Federal Constitution does not forbid the charging of a fee for a transcript of a civil matter. See Hill v. Michigan, 488 F.2d 609, 610 (6th Cir.1973) (per curiam), cert. denied, 416 U.S. 973 (1974).
 
 
 7
 Clanton responded to the defendant's motion by declaring that each paragraph of the motion is incorrect and that each paragraph of the affidavit is false. The response did not explain how the law and facts presented by the defendant were incorrect or false. Clanton provided neither evidence nor factual allegations in response to the motion to support his claims. Nor did he provide law in support of his conclusory allegations. It was incumbent on Clanton to "put up or shut up." Street v. J.C. Bradford & Co., 886 F.2d 1472, 1478 (6th Cir.1989). This Clanton failed to do. Clanton's failure to demonstrate how the defendant violated his constitutional rights properly resulted in a grant of summary judgment in favor of the defendant.
 
 
 8
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James G. Carr, United States District Judge for the Nothern District of Ohio, sitting by designation